[No. 13081.  In Bank. — December 6, 1889.]

DAVIES HENDERSON LUMBER CO., APPELLANT, *v.* FRED. C. GOTTSCHALK ET AL., RESPONDENTS.

APPEAL — DEATH OF UNINTERESTED PARTY — SUBSTITUTION. — Where one of the parties to the action dies, pending an appeal, against whom a separate personal judgment has been rendered, from which neither party has appealed, and it appears that he is in no way interested in the appeal taken, nor is his presence, or that of his representative, necessary to a full determination of the matters before the appellate court, the appeal will proceed without a substitution of such party.

MECHANICS' LIEN — VOID CONTRACT — RIGHTS OF MATERIAL-MEN — NOTICE TO OWNER. — Under sections 1183 and 1184 of the Code of Civil Procedure, a contract for the construction of a dwelling-house, the contract price of which is more than one thousand dollars, when not in writing, or not filed in the recorder's office, is wholly void; and persons furnishing materials to a subcontractor may claim a lien for the value thereof, as if there were no contract, and as if the materials had been furnished at the special instance of the owner; and no notice to the owner to stop payments upon the contract is required.

LXXXI. CAL. — 41

ID. — CLAIM OF LIEN FOR MATERIALS — FORECLOSURE — PLEADING — VARIANCE. — A claim of lien for materials furnished must state the facts required by the statute, but need not state what relation the person to whom they were furnished bore to the owner, or whether he had authority to bind the owner, or to entitle the material-man to a lien. Where the claim for a lien states that the material was furnished to a contractor or subcontractor, naming him, the claimant may upon foreclosure of the lien aver facts showing that the contract with the owner was void, and that he is deemed under the statute to have furnished the materials to the owner, and there is no material variance between the claim of lien and such averments.

ID. — MATERIALS FURNISHED TO SUBCONTRACTOR — PERSONAL LIABILITY. — Although a subcontractor who purchases material for a building is the only one personally liable therefor, this will not affect the lien of the material-man upon the building. There need be no personal liability on the part of the owner, whose property is made liable by statute to a lien for the material he has actually received and retained in his building.

ID. — RELATION OF LIEN — HOMESTEAD — PRIORITY. — A lien for material furnished relates to the time of furnishing the material, and is not defeated by filing a declaration of homestead on the property before the lien is filed. No distinction exists under the present statute between contractors with the owner and subcontractors as respects the relation of the lien, in cases where the original contract is void; all liens in such cases attach as in cases of direct contract with the owner.

ID. — CONSTITUTIONAL LAW — AMENDMENT TO STATUTE — HOMESTEAD — SUBJECTION TO LIEN. — The amendment of 1887, making a homestead subject to a lien for materials furnished for repairs or improvements thereon, applies to a lien filed after its passage, though the materials for which the lien is claimed were furnished before the passage of the act.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Chapman & Hendrick,* for Appellant.

*Louis Gottschalk,* for Respondents.

WORKS, J. — The respondent, Ann Twohey, being the owner of certain real estate, attempted to contract with the respondents, Strange and Gottschalk, for the construction of a dwelling-house thereon. The contract price for constructing the house was more than one thousand dollars, and the contract was not in writing, or filed in the recorder's office. For these reasons it was

wholly void. (Code Civ. Proc., secs. 1183, 1184.) Strange
and Gottschalk subcontracted the construction of the
house to one Tittle, who was a party defendant in the
court below, but whose death has been suggested in this
court. The appellant furnished material for the con-
struction of the building to the subcontractor, Tittle.
It did not give any personal notice to the owner of the
building that it had furnished the material. Tittle was
paid in full before the appellant's claim of lien was filed.
The appellant filed its claim of lien against the building
in proper time, and in due form, in which it was stated
that Strange and Gottschalk were the original contract-
ors for the construction of the building, and Tittle the
subcontractor, and that it had furnished the material to
said Tittle, the same to be furnished "from time to time
as ordered, for so much as the same was worth." The
complaint alleges the making of the contract between
the owner and original contractor and between the
latter and the subcontractor, and the contract between
the subcontractor and the plaintiff for the materials,
substantially as stated in the claim of lien, and also
alleges the facts above stated, showing that the original
contract was void. The court below found the facts sub-
stantially as alleged, and rendered a personal judgment
against the contractor and subcontractor for the amount
of plaintiff's claim, but found against the plaintiff as to
its claim of lien against the owner, and rendered judg-
ment accordingly. The plaintiff appeals on the judgment
roll from the judgment against it, and in favor of the de-
fendant Twohey.

The respondent contends that the action cannot pro-
ceed in this court until some one is substituted to repre-
sent the defendant Tittle, whose death has been suggested.
There is nothing in this point. Tittle's rights are not
involved in the appeal. There was a personal judgment
against him in the court below, from which neither party
has appealed, and he is in no way interested in the pres-

ent appeal, nor is his presence, or that of his representative, necessary to a full determination of the matters before us.

It is further contended by the respondent that the complaint was insufficient, —

1. Because it alleged and proceeded on the theory that the original contract was void, while, as she insists, the contract was not void as between the owner and material-man, as held in *Giant Powder Co.* v. *San Diego Flume Co.*, 78 Cal. 193.

2. Because it failed to show that anything was due from the owner to the contractor.

These questions were fully considered in *Kellogg* v. *Howes, ante,* p. 170, and decided adversely to the contention of the respondent.

It is further claimed by the respondent that the judgment of the court below was right, because it found that the personal notice provided for in section 1184 of the Code of Civil Procedure was not given. The notice referred to was not necessary in this case. Its only object and purpose, as indicated by the statute, is to compel the owner to withhold payments due the contractor for the better security of the material-man. In this case there was no contract and no payments to stop. Not only so, but the statute provides that, where the contract is not made as required and filed in the recorder's office, "the labor done and materials furnished by all persons except the contractor shall be *deemed* to have been done and furnished *at the special instance of the owner,* and they shall *have a lien for the value thereof.*" (Code Civ. Proc., sec. 1183; *Kellogg* v. *Howes, supra; Southern Cal. Lumber Co.* v. *Schmidt,* 74 Cal. 625.)

If the owner was in contemplation of law the purchaser from the plaintiff, the latter was entitled to its lien for the *value* of the material furnished, without reference to any payments to the contractor. In other words she stood in precisely the same position as to the right of the

appellant to enforce its lien as if she had purchased the material directly from it. It must be apparent from this view of the case that she could not pay the contractor, to whom she was not liable, and thereby avoid the demand of the appellant, to whom she was liable, and that the service of the personal notice provided for in section 1183 would have been useless. The only effect of such notice, as provided by the statute, is, that "it shall be the duty of the owner to, and he shall, *withhold from his contractor . . . . all money due or that may become due* to such *contractor, . . . .* or sufficient of such money to answer such claim, and any lien that may be filed therefor for record . . . . and all money paid thereafter by the owner to the contractor . . . . shall, for the purposes of all liens of all persons, . . . . except that of the contractor, be *deemed a payment prior to the time the same was due* within the meaning of and subject to the provisions of this section." (Code Civ. Proc., sec. 1183.)

Other provisions of the section make this clear. The contract must be so made as to require payments to be made in installments, twenty-five per cent of which must be payable at least thirty-five days after final completion of the work and contract. When such a contract is filed for record, it is notice that payments are to be made as therein provided for. If the twenty-five per cent, which must be withheld until after the claim of lien is filed, is sufficient to pay his claim, the material-man need not give the personal notice provided for, and thereby stop the other payments. If such last installment will not be sufficient, he may give the necessary notice, which compels the owner to withhold other payments. But if the contract is not filed in the recorder's office, it is not only void by the express terms of the statute, but he has no notice of the amount of payments to be made, or when they will fall due, or at what time he is required to give the personal notice. As a penalty for not affording him this means of knowledge by filing such a contract as is

required by the statute, the owner is *deemed* to have contracted for the material, so far as the right to a lien is concerned, and his property is bound for the *value* of such material.  It seems to us that the language of the statute and its object and purpose in this respect are too plain to need construction.  Beside, it appears in this case that the whole amount due, conceding the contract to have been valid, was paid before the thirty-five days after the completion of the contract had expired, and in any view of the case the appellant was entitled to its lien to the extent of the twenty-five per cent which was paid before it was due.

The respondent makes the further point that the appellant showed no cause of action for the enforcement of the lien, for the reason that the claim of lien was for material furnished to a contractor, and the action is for the enforcement of a claim of lien based upon the theory that there was no contract or contractor, and that the material was furnished to the owner.  The claim of lien must contain a "statement of the demand after deducting all just credits and offsets, with the name of the owner and reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, with a statement of the terms, time given, and conditions of his contract, and a description of the property to be charged with the lien."  (Code Civ. Proc., sec. 1187.)

There is nothing in the section, or any other, that requires the material-man to state in his claim of lien what relation the person to whom he furnished the material bore to the owner, whether contractor or agent; nor does the burden of determining whether any contract made, or attempted to be made, between the owner and contractor, was valid or not, rest on him when he comes to file his lien.  He must state the facts required by the statute.  Whether the person to whom he furnished the material had authority to bind the owner, and

entitle the material-man to a lien, is a matter of plead-
ing and proof at the trial. The complaint did not vary
from the claim of lien in any material respect. It al-
leged the facts as stated in the claim of lien, and in
addition alleged the facts showing that by virtue of what
was stated in such claim, and other facts alleged, the
property of the defendant was liable for the lien. The
plaintiff could not have stated in its sworn claim that it
had furnished the material to the owner, because such
a statement would have been false. But the statute
steps in and provides that the material having been fur-
nished to the subcontractor, under the circumstances
alleged in the complaint, the same should be *deemed* to
have been furnished to the owner for the purposes of the
lien. The facts stated in the claim of lien, and the pro-
visions of the statute applied thereto, entitled the plain-
tiff to the lien, and there was no variance between the
claim filed and the one attempted to be enforced. The
case of *Goss* v. *Strelitz*, 54 Cal. 640, relied upon by the re-
spondent, is not in point. There the attempt was made
to recover for material not included in the claim of lien.

Again, it is urged by the respondent, in support of
the judgment, that, in order to support the lien, there
must have been some *personal* liability on the part of
some one. This may be so, though we do not so hold.
But here there was a personal liability. The subcon-
tractor who purchased the material from the plaintiff
was personally liable therefor, and a personal judgment
was rendered against him by the court below. There
need be no personal liability on the part of the owner.
The owner is not made personally liable to the material-
man, but his property is made liable for the material he
has actually received, and retains in his building. This,
it seems to us, is eminently just and right.

The respondent, after her contract with the contractor,
and after the plaintiff had furnished the material, and
it had gone into the building, filed a declaration of

homestead on the property, and it is claimed that this defeated the lien. This is based on the ground that as the law stood at the time the material was furnished a claim for material could not attach to a homestead. A complete answer to this contention is, that the lien must be held to relate to the time of furnishing the material, and at that time the homestead did not exist. In some of the earlier cases a distinction was made, in this respect, between contractors with the owner and subcontractors. As to the former, it was held that their liens attached at the commencement of the work, and as to the latter, that their liens were in the nature of attachments, and attached at the time notice was given to the owner. (*Cahoon* v. *Levy*, 6 Cal. 295.) But this distinction does not exist under the present statute, where the original contract is void. In such case the contract is by the terms of the statute *deemed* to be the contract of the owner, and the lien must be held to attach as in case of such a direct contract. Any other construction would relieve the owner from any liability under the circumstances of this case. He could get his house completed, declare his homestead, and say to the original contractor: "Your contract is void, and I am not personally liable to you, nor is my property liable to any lien in your favor"; and to the material-man he could say: "After getting the full benefit of your material and just before you could file your lien under the statute, I filed my declaration of homestead; and your lien comes too late." We do not wish to be understood as agreeing to the doctrine declared in the early decision cited, that the lien of a material-man did not attach at the time of furnishing the material, even under the former statute (*Germania Building and Loan Association* v. *Wagner*, 61 Cal. 349); but, conceding it to have been so under the then existing statute, it is clearly not so now, where the contract is void for any of the reasons stated in the statute. Another conclusive answer to this claim of a homestead

is, that two days before the homestead was declared the law was so changed that a homestead, if properly declared, and in time, became subject to a lien for material. (Stat. 1887, p. 81; Deering's Codes, Supp., p. 279, sec. 1241.) Therefore, conceding that the lien did not attach until the claim was filed, the homestead was then subject to the lien, and the declaration filed did not affect it. The respondent contends that the amendment of the statute could not affect her rights, because it affected an existing contract. Counsel seems to forget his claim, so strenuously urged upon us, that there was no contract relation between the plaintiff and his client. But conceding there was, the statute did not in any way affect the contract. It only took away the right of the respondent to defeat a just claim against her property, conceding counsel's position that the lien did not attach until notice was given.

The judgment in favor of the defendant Twohey and against the plaintiff is reversed, with instructions to the court below to render judgment on the findings in favor of the plaintiff, foreclosing its lien.

FOX, J., PATERSON, J., SHARPSTEIN, J., BEATTY, C. J., and THORNTON, J., concurred.

MCFARLAND, J., dissented.

Rehearing denied.