## LUCAS v. REA et al.*

### Court of Appeal, Third District; March 9, 1909.

#### 101 Pac. 537.

Mechanics' Liens.—A Complaint in an Action by a Materialman against the owner for materials furnished for a building, which alleges that the materialman agreed with the owner to furnish the materials, and that the owner agreed to pay a specified sum therefor on the completion of the work, followed by appropriate averments for the foreclosure of a materialman's lien, states a good cause of action.

Mechanics' Liens—Enforcement Where Contract With Owner Void.—Under Code of Civil Procedure, sections 1183, 1184, providing that, where the contract between the owner and contractor is void because not in writing and not recorded, materials furnished by materialmen shall be deemed to have been furnished at the personal instance of the owner, and they shall have a lien for the value thereof, etc., a materialman furnishing materials to a contractor may aver a direct agreement with the owner if the contract between the owner and contractor is void.

Mechanics' Liens—Enforcement—Appeal.—Where the Suit by a Materialman against the owner to establish and foreclose a lien for materials for the construction of a building was tried on the theory that the law made a contract between the materialman and the owner for the materials, the uncertainty in the complaint arising from the fact that it alleged that the contract was made with the owner, while the recital in the notice of lien showed that it was made with the contractor, did not justify a reversal.

Mechanics' Liens—Enforcement—Issues and Proof.—One seeking to establish and foreclose a lien for materials furnished for the construction of a building must prove the contract substantially as set out in his notice of lien, where the terms thereof are controverted.

Mechanics' Liens—Complaint—Proof—Variance.—The variance between the complaint in an action to foreclose a materialman's lien

---

*For opinion on rehearing, see 10 Cal. App. 641, 102 Pac. 822.

which alleges a demand for $780.70 and the proof showing a value of $859.67 and a payment of $60 is immaterial.

Mechanics' Liens — Foreclosure. — The Variance Between the Complaint in an action to foreclose a lien for materials which alleges a demand for $780.70, and the notice of lien demanding a lien for $19 more, is unimportant, in the absence of evidence of fraud.

Mechanics' Liens.—A Notice of a Lien by a Materialman for materials furnished in the construction of a building which alleged that the amount of the demand was $799.97 over and above legal set-offs, that the name of the person by whom claimant was employed and to whom he furnished the material was the contractor, and that the contractor agreed to pay a specified sum on completion of the work, showed an agreement to pay a definite sum for the materials.

Mechanics' Liens.—A Complaint in an Action to Establish and Foreclose a materialman's lien which averred, in reference to the notice of lien, "a copy of which is hereto attached marked 'Exhibit A,' and made a part of the complaint," that the claimant had in his verified notice of lien stated that the recitals therein were true, and where the contract to pay a specified sum for the materials set forth in the notice of lien was denied, evidence of an agreement to pay the correct price was insufficient to justify a recovery.

Appeal—Theory Below—Construction of Pleadings.—Where a party believed that evidence admitted without objection was within the issues, and there was an attempt to deny the contract sued on, the existence of the contract must be treated after trial as in issue.

APPEAL from Superior Court, Mendocino County; J. Q. White, Judge.

Action by R. R. Lucas against S. L. Rea and another. From a judgment for plaintiff, defendants appeal. Reversed.

McNab & Hirsch for appellants; J. W. Preston for respondent.

BURNETT, J.—The judgment in favor of plaintiff established and decreed the foreclosure of a lien for materials used in the construction of a residence belonging to defendant Rea, and which was mortgaged to the said Bank of Ukiah.

1. The complaint states facts sufficient to constitute a cause of action. The cases cited to the contrary by appellants are not in point. For instance, in Nason v. John, 1 Cal. App. 540, 82 Pac. 566, it is stated: "The action is by a materialman against the owner (appellant) for the value of material furnished the contractor for the painting of the

house of appellant. There is in the complaint no attempt to allege that at the time of filing the notice of lien or of bringing the action there was anything owing from the owner to the contractor, nor is any attempt made in the complaint to allege any fact, such as a premature payment by the owner to the contractor, or the like, that under section 1184 of the Code of Civil Procedure might be claimed to give the materialman a lien against the property of the owner for the value of his material.'' It was rightly held in line with many authorities that the complaint failed to state a cause of action. Here, however, it does not appear from the complaint that the material was furnished to the contractor. On the contrary, the allegation is: ''That on or about the sixth day of July, 1906, R. R. Lucas and T. A. Lucas, comprising the firm of Lucas Bros., entered into an agreement with the defendant S. L. Rea wherein and whereby the said R. R. Lucas and T. A. Lucas agreed to furnish, . . . . and the defendant pursuant to said contract agreed to pay to the said Lucas Bros. for the said material so furnished as aforesaid the sum of $780.70 upon the completion of said building.'' Thus it is seen that the complaint shows a contract directly between the materialman and the owner, and it presents an action in assumpsit with additional appropriate averments for the establishment and foreclosure of a materialman's lien. The material was actually furnished, however, to the contractor and under a contract with him, and not by virtue of any agreement between the Lucas Bros. and defendant Rea, the owner of the building. This appears from the evidence and also from the notice of lien, which recites: ''That the name of the person by whom claimants were employed and to whom they furnished the material, is A. S. Howell, the original contractor with S. L. Rea for the erection of said building, and said A. S. Howell agreed to pay said sum of seven hundred and ninety-nine and 97/100 dollars, etc. Wherefore appellants make the further contention that there is a variance between the proof and the allegations of the complaint, and that the complaint was rendered ambiguous and uncertain by reason of said notice of lien which was attached to and made a part of said complaint. The evidence, though, shows, further, that the contract between the owner and the contractor was and is void because, being for more than $1,000, it was not recorded until after

the work was begun, and the plans and specifications, which were made a part of the contract, were not recorded at all: Code Civ. Proc., sec. 1183; Yancy v. Morton, 94 Cal. 558, 29 Pac. 1111; Barrett-Hicks Co. v. Glas, 9 Cal. App. 491, 99 Pac. 856. Therefore, the materials furnished as aforesaid are deemed to have been furnished at the personal instance of the owner, and a lien can be maintained therefor: Code Civ. Proc., sec. 1183. The result is that by operation of law the contract of the Lucas Bros. with the contractor is considered a contract with the owner, and the supreme court has held that it may be so alleged, although not in accordance with the actual transaction.

In Yancy v. Morton, supra, it is said: "The complaint in this case is upon a contract for the value of goods sold at the special instance and request of defendant (the owner). Sections 1183 and 1184 of the Code of Civil Procedure provide that when the contract between the parties, for any of the reasons therein enumerated, is void, materials shall be deemed to have been furnished at the special instance and request of the owner, and the building is subject to a lien for the same. In support of his complaint, plaintiff introduced the contract in evidence for the purpose of showing that it was void. The court found such to be the fact, and the evidence and findings were justified under the complaint. No substantial reason is suggested to us why the necessity existed for plaintiff to set out the contract and then allege its invalidity. Such matters were matters of evidence, and the completeness of the pleading did not demand it": See, also, Lumber Co. v. Gottschalk, 81 Cal. 646, 22 Pac. 860; Reed v. Norton, 90 Cal. 598, 26 Pac. 707, 27 Pac. 426; McClain v. Hutton, 131 Cal. 135, 61 Pac. 273, 63 Pac. 622. In the McClain case it is stated that "Mrs. Hutton [the owner] was properly named as the person by whom the claimant was employed, . . . . and there is no objection to the use of this form of statement." It seems to be the better practice to allege the facts as they occur, and leave the court to draw the conclusion that the property is subject to the lien; but it is settled that, where the original contract is void, plaintiff may pursue that course or aver a direct agreement with the owner.

This is conceded by appellants in their closing brief, but it is insisted that the notice of lien renders the complaint

subject to the special ·demurrer for uncertainty and ambiguity. An allegation that the contract was made with the owner is certainly inconsistent with a recital that it was made with the contractor; but, admitting that the special demurrer should have ·been sustained on that ground, it is clear that appellants have not been prejudiced by the error. At the beginning of the trial, an objection was made to the evidence on the ground of variance between it and the complaint and of the uncertainty growing out of the recitals of the notice of lien, but the objection was overruled; the court justifying its ruling ''on the theory the law makes the contract between the plaintiff and Rea.'' The case was tried upon that theory. No doubt counsel for appellants upon the argument of the demurrer were informed of plaintiff's contention in that regard, and it would be inexcusable now to reverse the case and impose the additional cost of a new trial simply because of the said apparent uncertainty.

2. If controverted, the terms of the contract must be proved ·by the claimant substantially as set out in his notice of lien. Appellants complain of a variance, inasmuch as while the notice states that the amount due over and above all setoffs is $799.97, and that Howell agreed to pay the same on completion, and there was no other condition, the proof shows that the amount of the bill was not the sum stated either in the complaint or in the notice, and that there never was an agreed sum to be paid nor any agreement as to the time of payment. It is true that the complaint alleges a demand for $780.70 and the proof shows a value of $859.67 and a payment of $60. We agree, however, with respondent, that there is no material difference between a statement of the amount due after deducting credits and the statement of the whole amount with the credits: Star Mill & Lumber Co. v. Porter, 4 Cal. App. 470, 88 Pac. 497. As there is no evidence of fraud, it is likewise unimportant that the complaint is for $19 less than the amount called for in the notice: Barber v. Reynolds, 44 Cal. 519; Malone v. Big Flat Gravel M. Co., 76 Cal. 578, 18 Pac. 772; Harmon v. San Francisco etc. R. R. Co., 86 Cal. 617, 25 Pac. 124.

The second point is more serious. Respondent answers that: ''No agreed price is stated in the claim of lien at any place. 'The amount of claimant's demand is $799.97, over and above all legal setoffs.' Is this a statement of an

agreed price?'' Certainly not; but reading a little further
we find this in the said notice: ''That the name of the person
by whom claimants were employed and to whom they fur-
nished the material is A. S. Howell, the original contractor
with S. L. Rea for the erection of said building, and said
A. S. Howell agreed to pay said sum of seven hundred and
ninety-nine and 97/100 dollars, so due, upon completion of
the work.'' The notice, therefore, sets forth an agreement
to pay a definite sum as clear as language can make it. The
evidence is equally clear that there was no agreement as to
the amount to be paid. The plaintiff himself testified that:
''I don't think that there was any terms. My recollection
is Mr. Howell would come down and want to know about
the prices of lumber; was nothing specified about any par-
ticular price. He left that to us to give him the correct
price of whatever he required of us.'' He further said that
there was no arrangement whatever as to price, and that
the firm charged Howell the market rate as the lumber went
out of the yard.

In Malone v. Big Flat Gravel M. Co., supra, it is said:
''As we understand the law, the plaintiff can recover only
upon the contracts stated in the notices of lien. We do not
mean to say that a difference in the amounts stated and the
amounts proved would be fatal; and it is possible that there
may be other differences which would not be material. But
we think in all essentials the contracts must be the same.''
In Reed v. Norton, supra, it is held that: ''A finding that a
notice of claim of lien filed by a materialman was 'in due
form as required by law' is not sustained by the evidence
when the notice stated that the materials were to be paid
for on the basis of what they were reasonably worth, and
the evidence shows that part of them were furnished at an
agreed price, and the remainder without any agreement as
to price, though it is testified that they were all reasonably
worth the amount charged; nor does such evidence sustain a
finding of an agreement to pay them all at what they were
reasonably worth.'' In Wagner v. Hansen, 103 Cal. 107, 37
Pac. 195, it is said: ''On the trial plaintiff testified that ex-
cept as to one item, amounting to only $18, there was no
agreed price for any work done; that there was no agree-
ment to pay for plaintiff's labor or for labor and materials
$163 or any other specific sum. No other evidence was

given upon the subject. Defendants moved for a nonsuit on the ground that there was a fatal variance between the evidence and the statement in the complaint and in the claim of lien, in both of which it was stated that the work was done under a contract by which he was employed to do specified work at a price agreed upon. The nonsuit should have been granted. This was not only a variance, but it showed that the statute had not been complied with, and that plaintiff had acquired no lien.'' In Wilson v. Hind, 113 Cal. 357, 45 Pac. 695, it was held to be a material variance where the notice set forth a contract to pay what the goods were reasonably worth and the evidence disclosed that they were bought at a fixed price. Wilson v. Nugent, 125 Cal. 280, 57 Pac. 1008, Buell v. Brown, 131 Cal. 158, 63 Pac. 167, and Nofziger Bros. Lumber Co. v. Shafer, 2 Cal. App. 219, 83 Pac. 284, are to the same effect. In view of the foregoing decisions, it is impossible to uphold the judgment here except upon the theory advanced by respondent that there was no denial of the terms of the contract as set forth in the complaint, and therefore the evidence cannot be considered. The contention is made upon the ground that ''the complaint does not state in the body thereof the 'terms, time given and conditions' of the contract, but refers to the claim of lien attached to the complaint,'' and therefore it is argued that this is equivalent to an averment of those terms, and, since they are not specifically denied, no evidence is admissible to contradict them.

But respondent has misconceived the significance of the following averment in reference to the notice of lien: ''A copy of which is hereto attached and marked 'Exhibit A' and made a part of this complaint.'' This is not equivalent to an allegation that the recitals therein are true, but it is tantamount to an averment that claimant has in his verified notice of lien stated them to be true. If the written instrument attached and made a part of the complaint had been signed by the parties sought to be charged, and it was the basis of the action, it might be sufficient to allege that they executed it without averring specifically the verity of the recitals therein contained, but no such case is presented. In an action brought upon a promissory note, for instance, if the note itself is made a part of the complaint, it is unnecessary to allege that defendant promised to pay, because

it follows from the allegation that he executed the note, which contains his promise. If in pursuance of the terms of the note a written demand were made upon the maker by the payee in which it was recited that a certain amount was due and this demand were made a part of the complaint, it would hardly be claimed that plaintiff is thereby released from the duty of alleging in his complaint that the amount is unpaid. With this obvious distinction in view, it is easy to understand the cases cited upon the subject. In City of Los Angeles v. Signoret, 50 Cal. 298, the notice of lien was annexed to the complaint and made a part thereof and the same contention was made as here, but the supreme court properly said: "Several matters of substance are lacking in the averments found in the complaint which are sought to be supplied only by reference to the recitals found in an exhibit annexed to the complaint, 'and to which for all particular allegations therein contained reference is hereby made,' etc. This is not sufficient in pleading." In Lambert v. Haskell, 80 Cal. 611, 22 Pac. 327, the action was based upon an undertaking executed by the parties sought to be charged. It was there declared that it was proper to set forth the instrument in full, but that this does not involve an assertion of preliminary or collateral matters recited in the instrument. "Whatever may be the effect of such recitals as evidence, they cannot serve as allegations in pleading. The facts of the case relied upon well illustrate this. The action (Los Angeles v. Signoret, supra) was upon a street assessment. The street law required certain preliminary steps to be taken to give the municipal authorities jurisdiction to make the assessment. The complaint was silent as to the taking of these steps. The only thing to show that they had been taken was the fact that they were recited in the assessment. This did not amount to an assertion by the pleading that the steps had not been taken. It was at most an assertion that the officer who made the assessment had asserted that they had been taken, which was clearly insufficient." Ward v. Clay, 82 Cal. 506, 23 Pac. 50, 227, an action upon a promissory note, cited with approval the foregoing cases. There is nothing inconsistent therewith in Georges v. Kessler, 131 Cal. 183, 63 Pac. 466. The point made there was that the complaint did not allege that the notice of lien described the property, nor the terms, time

given, and conditions of the contract. But the notice was made a part of the complaint, as here, and it seems quite obvious that it is not necessary to allege what a written instrument contains when the instrument is set out in haec verba. The court, moreover, held that the complaint independent of the exhibit stated a cause of action.

Again, plaintiff, proceeding upon the theory, as we have seen, that the contract with Howell was equivalent to a contract with Rea, alleged in his complaint that the defendant Rea, "pursuant to said contract, agreed to pay to the said Lucas Bros. for the said material so furnished as aforesaid, the sum of $780.70 upon the completion of the said building." This is specifically denied in the answer of each appellant. There was only one contract referred to in the complaint and the notice of lien, and, although made with Howell by operation of law, since the original contract was invalid, he is deemed in the transaction to be the agent of the owner. Hence the issue suggested as to the agreement to pay a stipulated price is squarely presented, and the allegation of the complaint is not supported by the evidence.

Again, the evidence to which we have referred was admitted without objection on the part of respondent. Appellants undoubtedly believed that it was within the issues, and, since there was certainly an attempt to deny the contract, it should be treated after trial as though in issue.

We find no other error, but for the reason stated the judgment and order are reversed.

We concur: Chipman, P. J.; Hart, J.