[Civil No. 1482.    Filed November 17, 1915.]

[152 Pac. 860.]

D. F. HARBRIDGE and CORA B. HARBRIDGE, Appellants, v. SIX POINTS LUMBER COMPANY, a Corporation, Appellee.

1. MECHANICS' LIENS—PROCEEDINGS TO FORECLOSURE—VARIANCE.—Civil Code of 1913, paragraph 3639, provides for liens for labor and materials furnished in the construction or repair of buildings, whether the work was done or articles furnished at the instance of the owner or his agent, and declares that every contractor shall be the agent of the owner, and the owner shall be liable for the reasonable value of labor or materials furnished to an agent. The complaint, seeking to foreclose a materialman's lien, averred that the contract price and reasonable value of materials furnished under an express contract was a given sum. *Held,* that, as the lien is for only the reasonable value of the materials furnished, recovery might be had on proof of their reasonable value, without proof of an express contract.

2. MECHANICS' LIENS — ENFORCEMENT — RIGHT OF LIENHOLDER. — Civil Code of 1913, paragraph 3639, which is part of title 29, chapter 2, providing for mechanics' liens and their enforcement, declares that the contractor shall be held to be the agent of the owner and that the owner shall be liable for the reasonable value of labor and materials furnished to an agent. *Held,* that a materialman, while entitled to a lien for the reasonable value of the property furnished, is not entitled to a personal judgment against the owner for the contract price.

[As to right to personal judgment in action to enforce mechanic's lien, see note in **Ann. Cas. 1912A, 129.**]

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. C. Phillips, Judge. Modified and affirmed.

Messrs. Kibbey, Bennett & Bennett, for Appellants.

Messrs. Armstrong & Lewis and Mr. R. L. Morgan, for Appellee.

FRANKLIN, J.—Six Points Lumber Company, a corporation, the appellee here, was plaintiff in the superior court.

J. R. Jones, D. F. Harbridge, Cora B. Harbridge and H. W. Ryder, were defendants in the superior court. The said J. R. Jones and H. W. Ryder appear to have made no defense to the action and are not concerned in this appeal. The said D. F. Harbridge and Cora B. Harbridge are the appellants. They are husband and wife and the owners of certain lots in the city of Phoenix. The husband, D. F. Harbridge, entered into a contract with said J. R. Jones for the construction of a building upon the said lots. The appellee, Six Points Lumber Company, furnished to the said contractor, J. R. Jones, certain materials which were used in the construction of the building, and the balance of the purchase price of said materials, amounting to $1,276.51, remaining unpaid, the appellee filed in the recorder's office and served upon the appellants a notice or claim of lien upon the property described.

The evidence does not show that any of the materials were furnished at the instance and request of the owners of the property; in other words, that there were no contractual relations whatever between the owners of the property and the materialman, and no responsibility on their part for the debt incurred, other than such responsibility as is fixed by law in making the contractor, J. R. Jones, their statutory agent in the premises. The plaintiff's complaint asked for a foreclosure of the lien, and also demanded a personal judgment against the owners of the property and the contractor for the amount claimed. The case was tried to a jury, which returned a verdict in the sum of $1,050 against the contractor, J. R. Jones, and the appellants, D. F. Harbridge and Cora B. Harbridge. Judgment was thereupon entered against said contractor and the appellants, together with a foreclosure of the lien against the property described.

Error is assigned on the refusal of the court to give the following instruction requested by appellants, to wit:

"The jury are instructed that the complaint in this case is founded upon an alleged express contract entered into between the plaintiff, the Six Points Lumber Company, and J. R. Jones, under and by which the plaintiff agreed to furnish the necessary lumber, materials, and supplies to be used in the construction of a dwelling-house, improvement, and structure at an agreed price and of the reasonable value of $2,040.66 for cash. The plaintiff has not introduced any evi-

dence whatever of an express contract between plaintiff and defendant J. R. Jones, and there is therefore no evidence in this case which would support a judgment for the plaintiff, and you are instructed to find a verdict for the defendant.''

It is also assigned as error that the judgment of the superior court is erroneous in this: That there is no evidence whatever showing any personal liability on the part of the owners of the property for the debt incurred by the contractor, Jones, and that there is no authority in law to render a personal judgment against a party who is not personally liable, in addition to a judgment foreclosing the lien, under the statutes relating to mechanics' liens.

The foregoing in substance present the errors relied upon to reverse the judgment.   There is in addition the somewhat general assignment that the evidence is insufficient to support the verdict and judgment.   There is also some argument in the briefs relating to the insufficiency of the appellee's claim of lien.   Vigorous objections were made on the trial to the introduction in evidence of the claim of lien.   The court admitted the claim of lien in evidence, however, and as no error has been assigned as to the ruling of the court in this behalf, the insufficiency of the claim of lien is not here presented.

It is therefore apparent under appellants' first assignment of error that we are not called upon for a construction of the claim of lien as tested by the statutes authorizing it, but we are confronted with this question whether there be a fatal variance between the allegations of the complaint that an express contract existed between the contractor and the materialman and the proof offered to sustain such allegation. This quarrel is not related to an alleged variance between the lien statement and the complaint, or between the claim of lien and the proof.   The complaint recites in paragraph V thereof as follows:

''That on or about the 25th day of September, 1913, the said plaintiff entered into an express contract with the said defendant J. R. Jones, under and by which the said plaintiff agreed to furnish the necessary lumber, materials, and supplies to be used in the construction of the said dwelling-house, improvement, and structure, at the agreed price and of the reasonable value of two thousand forty and 66/100 dollars ($2,040.66), for cash, which said contract was an oral con-

tract. That said plaintiff commenced to furnish said lumber, materials, and supplies to said defendant J. R. Jones, for the purposes aforesaid, on the 25th day of September, 1913, and completed the furnishing of said materials under and in pursuance of said contract on the 7th day of January, 1914, all of which materials were used in the construction of said dwelling-house, and that said plaintiff has in all respects fully kept and performed its said agreement. That the average due date of the account for said lumber and materials so furnished as aforesaid is November 15, 1913. That by credit for materials returned, and by cash, the sum of seven hundred sixty-four dollars ($764.00) has been paid on account of said contract price, and that there is still due and owing to the said plaintiff, from the said defendant J. R. Jones, for said materials, over and above all just and lawful payments, offsets, and credits, the sum of one thousand two hundred seventy-six and 66/100 dollars ($1,276.66), and that said defendant J. R. Jones has not, nor has anyone for him, paid to the plaintiff the said sum of one thousand two hundred seventy-six and 66/100 dollars ($1,276.66), nor any part thereof, and is not justly indebted to said plaintiff in said sum.''

In determining whether or not any fatal variance exists in this particular, we must not overlook paragraph 3639 of the Civil Code of 1913, which is as follows:

''3639. Every person, firm or corporation who may labor or furnish materials, machinery, fixtures, or tools to be used in the construction, alteration, erection, repair or completion of any building or other structure or improvement whatever shall have a lien on such house, building, structure or improvements for the work or labor done or materials, machinery, fixtures or tools furnished, whether said work was done or articles furnished at the instance of the owner of the building, or improvement, or his agent. The lien herein provided shall extend to the lot or lots of land necessarily connected with the building, structure or improvement made or erected; and every contractor, subcontractor, architect, builder or other person having charge or control of the construction, alteration, or repair, either in whole or in part, of any building or other structure or improvement, shall be held to be the agent of the owner for the purposes of this chapter, and the owner shall be liable, under the terms hereof, for

the reasonable value of labor or materials furnished to an agent.''

Under this statute it will be seen that the important matter, so far as the owner is concerned, is this: Did the materialman furnish to his statutory agent material to be used in the construction of his building? If so, the liability of the owner is not measured by any contract between the materialman and the contractor, but is expressly limited, by the statute, to the reasonable value of the materials so furnished. The contractor may agree to pay an excessive price for the materials furnished, but that is a matter solely to be adjusted between the materialman and the contractor. The owner is fully protected, for if the furnisher of the material be not paid, and brings an action for the foreclosure of his statutory lien, the measure of his recovery, so far as the owner of the property is concerned, is the reasonable value of the material furnished to his statutory agent. The issue in this respect is thus confined within definite limits. If the liability is to be measured by the contract, a different phase might perhaps be placed upon the pleading.

But, conceding that the word ''express,'' when measured by the proof, was not technically accurate, still the appellee could in no wise be misled or surprised by its use. The measure of recovery, so far as the owners of the property are concerned, whether the contract between the materialman and the contractor be either express or implied, is limited to the reasonable value of the materials furnished. The evidence is ample that materials of the reasonable value of $1,050, as found by the verdict of the jury, were furnished to be used in the building of the appellants by the appellee at the instance and request of the contractor, and there is no basis in the evidence that such materials so furnished were not actually incorporated in the building. The complaint herein alleged that the plaintiff entered into an express contract with the contractor, Jones, by which it agreed to furnish the necessary building materials to be used in the construction of the building ''at the agreed price and of the reasonable value. . . . '' If it be granted that the pleading is uncertain as to whether the plaintiff relied upon an express or an implied contract, and was subject to a special demurrer, or a motion to make it more definite and certain in this particular, it

would be technical in the extreme under the facts of this case to hold the variance fatal to a recovery because the pleading alleged an express contract to pay the reasonable value of the materials furnished when the proof only showed an implied agreement to pay the reasonable value thereof. In *Star M. & L. Co.* v. *Porter,* 4 Cal. App. 470, 88 Pac. 497, it was said:

"The notice is, indeed, incorrect in stating as one of the terms of the contract that the claim was based upon a *quantum meruit,* instead of upon a special promise to pay a fixed amount; and this doubtless as a matter of pleading would constitute at common law a material variance, though hardly under existing practice. Code Civ. Proc., sec. 469. But, as we have already said, the technical doctrine of variance has no application to a notice of lien, where all that is required is that the statement of the terms of the contract shall be substantially true. There are, indeed, many cases cited by the appellant, and other cases, which might be conceived to hold the contrary doctrine. *Reed* v. *Norton,* 99 Cal. 619, 34 Pac. 333; *Palmer* v. *Lavigne,* 104 Cal. 34, 37 Pac. 775; *Santa Monica L. & M. Co.* v. *Hege,* 119 Cal. 380, 51 Pac. 555; *Wilson* v. *Nugent,* 125 Cal. 283, 57 Pac. 1008; *Malone* v. *Big Flat Gravel M. Co.,* 76 Cal. 580, 18 Pac. 772. But these, or most of them, are distinguished from the present case, in that it did not appear that the fixed price stated was the market price. In the absence of this fact, the statement would be substantially false, and might mislead the owner to his prejudice. But, where the fact appears, no injury can result to the owner; nor can the misstatement be regarded as material."

See, also, *Lucas* v. *Rea,* 10 Cal. App. 641, 646, 647, 102 Pac. 822; Id., 7 Cal. Unrep. 363, 101 Pac. 537; *Barrett-Hicks Co.* v. *Glas,* 14 Cal. App. 289, 111 Pac. 760, 764; *Wolfley* v. *Hughes,* 8 Ariz. 203, 71 Pac. 951.

That the district court of appeal correctly distinguished the cases in the supreme court of California seems to have been acquiesced in by the latter court in denying rehearings in each case; but however this may be, it appears to us that the rule laid down is a just and reasonable one. There is no fatal variance between the allegations of the complaint and the proof.

We shall now consider whether this is a case in which the appellee was entitled to a personal judgment against the appellants. This action is brought under the provisions of chapter 2, title 29, of the Civil Code of 1913. The aim and policy of this act is obvious. Experience has shown that mechanics and materialmen, who furnish labor and materials for the construction of buildings, are often defrauded by insolvent owners and dishonest contractors. Many build houses on speculation, and after the labor of the mechanic and the materials are incorporated into them the owner becomes insolvent, and sells the buildings, or encumbers them with liens, and thus one portion of his creditors are paid at the expense of the labor and property of others; or the solvent owner, who builds by the agency of a contractor, pays his price and receives his building, without troubling himself to inquire what has been the fate of those whose labor or materials have constructed it. It is not the merit of the contractor that gives rise to the system, but the protection of those who might be wronged by him, if the owner were not compelled to take care of their interests.

The lien provided for in the statute is not a mere derivative one, by which the performer of labor or the furnisher of material is substituted to the lien of the contractor for the unpaid portion of the price stipulated in his contract; but it is an independent and direct lien, given to all who should, at the instance of the owner or his contractor (agent), furnish toward the completion of the work either labor or materials. In *Jones* v. *Great Southern Fireproof Hotel Co.*, 86 Fed. 370, 387, 30 C. C. A. 108, 125, speaking of an Ohio statute, it is said:

"Such statutes rest upon the principle of natural justice, which lies at the foundation of the many liens or preferences among creditors which we have cited from both the common and civil law. It is true that a lien is created in favor of one with whom the owner has no direct contractual relations. But, if the owner makes the contract with the law before him, the law enters into and becomes a part of the contract. The legal effect of the contract is to give a lien to all who, at the instance of his contractor, shall be employed to furnish labor or materials for the work which he has let out. So far as such a statute is limited to future contracts, it cannot be said

to impair the obligation of a contract. If the law be subject to no other objections, it impairs no contract, for all thereafter made are entered into upon the basis of the law.''

So, when a person enters into a contract for the erection of a building on his land, this law enters into and becomes a part of the contract. He knows that the contractor is his agent, and clothed with the statutory authority to bind his property for the reasonable value of such labor and of such material as may be furnished for the completion thereof. If the owner wishes to be protected, he must trouble himself to inquire what has been the fate of those whose labor and materials have constructed the improvement before he pays the stipulated price. If the owner neglects to protect the laborer or materialman, then the law protects him, by giving him the right to charge the particular property impressed by his labor or material with the payment of the particular debt on account of which improvement it arose. But the appellee asserts that the statute goes further than this, and that, in addition to giving the right to charge the property with the payment of the particular debt, it gives the right to a personal judgment against the owner of the property for the reasonable value of the labor and material furnished at the instance of the statutory agent, and this though there be no contractual relations whatever existing between the plaintiff and the defendant against whom the personal judgment is sought.

Authority for this is sought in the provisions of paragraph 3639 of the Civil Code of 1913, which declares that:

The contractor ''shall be held to be the agent of the owner *for the purposes of this chapter,* and the owner shall be liable *under the terms hereof* for the reasonable value of the labor and materials furnished to an agent.''

But the purposes of the chapter and the terms thereof have to do with the persons who are entitled to, and the means and manner for the establishment and enforcement of, their liens upon the property created by performing labor and furnishing materials therefor. The contractor of the owner is also by the statute constituted the agent of the owner for the purposes of the chapter, but the statute does not constitute the contractor the general agent of the owner for all purposes. The agency thus created is a special one, consti-

tuted for a particular purpose and under a limited and circumscribed power. Such an agent, just like any other special agent, cannot bind the owner beyond his authority. See *Fitch* v. *Howitt,* 32 Or. 396, 52 Pac. 192. As said in the brief for the appellants:

"The expressions 'for the purposes of this chapter,' and 'under the terms hereof,' limit and qualify the nature of the agency thus created, and confine it to the establishment of liens upon the property of the owner which has been enhanced in value by the labor and materials furnished and employed in the improvement of the property."

If such expressions in the statute are to be given the effect contended for by appellee, the result will be that the lienor is entitled to establish his lien upon the property for the full contract price as may be stipulated between him and the owner's statutory agent, which in the absence of fraud might be ever so excessive, but that the personal judgment against the owner must be limited to the reasonable value of the materials furnished.

Answering appellants' first assignment of error, the appellee says:

"Of course, where an owner is bound to pay the contract price agreed upon between the contractor and the materialman who furnishes him with building material, it is absolutely essential that he have every facility for investigating the contract and examining into its merits, bound as he is to pay that contract price. In Arizona, however, under the express provision of our statute, no matter what the contract price may be, the owner is absolutely protected against any exorbitant price which his contractor may have agreed to pay for materials, for the plain and simple reason that the owner is only bound in the case of the subcontractor or materialman 'for the reasonable value of the labor or materials furnished to an agent.'"

Thus appellee's position with reference to the first assignment of error is destroyed, and by such a construction of the statute we must conclude that whether the contract was express or implied is a matter of vital importance to the owner of the property, and a misstatement in this particular be regarded as material. This because such a construction would place no limitation upon the establishment of the lien

upon the property, but only a limitation upon the personal obligation of the owner of the property. Nowhere in the chapter relating to the liens of mechanics, laborers and others can be found any provision authorizing a personal judgment against the owner of the property, in the absence of a showing that there were contractual relations existing between the plaintiff and the defendant against whom the personal judgment is sought. There must be a contractual relation established between the owner of the property on which a lien is claimed and the lienor to support a personal judgment against the owner of the property in an action for the foreclosure of the lien. *Alberti* v. *Moore*, 20 Okl. 78, 93 Pac. 543, reported in 14 L. R. A. (N. S.), at page 1036, with extended note; *Volker-Scowcroft Lumber Co.*, 36 Utah, 348, 24 L. R. A. (N. S.) 321, 103 Pac. 970, reported in Ann. Cas. 1912A at page 124, with extended note.

We therefore conclude, under the facts of this case, that the entry of a personal judgment in favor of the plaintiff and against the defendants and appellants, D. F. Harbridge and Cora B. Harbridge, is erroneous. The cause is reversed and remanded, with directions to modify the same, so that there will be no personal judgment against the defendants D. F. Harbridge and Cora B. Harbridge, and, as so modified, the said judgment is in all things affirmed. Appellants recover their costs on appeal.

ROSS, C. J., and CUNNINGHAM, J., concur.