[Civ. No. 4311. Third Appellate District.—November 5, 1931.]

THE K. & K. BRICK COMPANY (a Corporation) et al., Appellants, v. W. S. BROOKE et al., Defendants; TITLE INSURANCE & TRUST COMPANY (a Corporation) et al., Respondents.

LOUNSBERRY & HARRIS (a Corporation), Appellant, v. W. S. BROOKE et al., Defendants; TITLE INSURANCE & TRUST COMPANY (a Corporation) et al., Respondents.

Culver & Nourse and Richard J. O. Culver for Appellants.

Newby & Newby and Dee Holder for Respondents.

PLUMMER, J.—In this action to foreclose certain mechanics' liens, the defendants, Title Insurance & Trust Company, a corporation, and Alhambra Hardware Company, a corporation, had judgment. From these judgments the plain-

tiffs appeal. The record shows that two actions were involved, but were tried as one, and for the purposes of this decision, we will consider the cases as one.

The findings of the court and the record show that on the nineteenth day of March, 1925, the defendant, W. S. Brooke, was the owner of the real property described in the complaint; that on or about said date W. S. Brooke entered into a contract with the defendant George H. Whyte, whereby it was agreed that the defendant Whyte was to perform certain brick work in the construction of a building to be erected by the owner. On or about the sixth day of April, 1925, the K. & K. Brick Company agreed to furnish Whyte such brick as he should order, at the price of $12 per thousand, and thereafter, and prior to the eleventh day of May, 1925, the Brick Company furnished to the defendant Whyte 327,750 bricks. On the ninth day of June, 1925, Lounsberry & Harris, a corporation, entered into an agreement with W. S. Brooke to furnish lumber for the use, and which was used in the construction of the building erected upon the premises described in the plaintiffs' complaint. On the twenty-third day of March, 1925, W. S. Brooke and his wife executed a trust deed to secure a promissory note in the sum of $40,000 drawn in favor of the respondent, Golden States Securities Company. In this trust deed the Title Insurance & Trust Company was named as a trustee. Thereafter, a second trust deed was executed in favor of the Alhambra Hardware Company to secure the payment of the sum of $20,000, evidenced by a promissory note in that sum. Both trust deeds were recorded on March 30, 1925.

The court found that the building was constructed by the owner, and that the owner began construction of the building on or about March 27, 1925. The court further found that none of the material mentioned herein, or mentioned in the lien filed by the different lien claimants was furnished until some time after the recording of the two trust deeds.

Default having been made in the payment of the $40,000 secured by the first deed of trust, sale of the premises was had. There being no surplus realized from the sale of the premises, over and above the amount secured by the trust deeds, these actions were begun, based upon the theory that the liens took precedence over the trust deeds. The trial

court held that as the building was constructed by the owner, there being no general contractor, the liens dated as of the date when the different materialmen began to deliver material, and as the trust deeds were executed and recorded prior to any work being performed or materials furnished by any of those claiming liens, the trust deeds took precedence.

Upon this appeal it is strongly contended that the construction heretofore given to section 1186 of the Code of Civil Procedure is erroneous, and that the lien claimants in this action are entitled to date back the institution of their rights as and of the date when the owner began work upon the premises, and not as and of the date when the claimants began work or began to deliver materials, and much space is given in the briefs for the purpose of inducing this court to re-examine the construction heretofore given to section 1186 of the Code of Civil Procedure, and then hold such construction erroneous, and to decide that in this case the liens take precedence over the trust deeds, notwithstanding the nonexistence of a general contractor, and notwithstanding that all work done and materials furnished by the lien claimants was subsequent to the recording of the trust deeds. A number of cases from other states are cited, wherein it is held that under somewhat similar statutes or code provisions, that the lien of a materialman dates back to the beginning of the work, even though the work is all done by the owner of the building, and the materials are not furnished until after the recording of the trust deed or mortgage covering the premises upon which the building is being erected.

However convincing these cases might be, were this a case of first impression, and had this case arisen subsequent to the amendment of section 1186 of the Code of Civil Procedure, by the act approved June 12, 1931 (Stats. 1931, p. 1699), they might be cited as authority for the contentions made by the appellants, but as this case must be determined by the code section as it read prior to June 12, 1931, we think the following cases, in view of the principle of *stare decisis,* have effectually foreclosed the discussion in this state.

In *McClain* v. *Hutton,* 131 Cal. 132 [61 Pac. 273, 63 Pac. 182], the rule in this state, and which rule has been followed ever since, is thus stated—(referring to the section of the

code): "Under this provision the cases must be divided into two categories, distinguished by the existence, or non-existence, of a valid contract. In the former case the priority of the liens is to be determined by the date of the commencement of the building; in the latter, by the time the work was done or the materials commenced to be furnished." (Citing *Davies-Henderson Lumber Co.* v. *Gottschalk,* 81 Cal. 641 [22 Pac. 860]; *Avery* v. *Clark,* 87 Cal. 619 [22 Am. St. Rep. 272, 25 Pac. 919]; *Pacific Mut. Life Ins. Co.* v. *Fisher,* 106 Cal. 236 [39 Pac. 758].) The opinion in the Hutton case was filed December 27, 1900. From that date down to the present the construction given to section 1186 of the Code of Civil Procedure has been followed.

This court, in the recent case of *American Building Material Service Co.* v. *Wallin,* 116 Cal. App. 527 [2 Pac. (2d) 1007], had before it the identical issues presented upon the present appeal, and in an opinion prepared by Presiding Justice Preston, a number of cases were cited showing that the rule enunciated in the action against Hutton has been consistently followed for more than thirty years, and basing our decision upon what is said in that opinion, and upon the cases there cited, it must be held that the construction given to section 1186 of the Code of Civil Procedure has become firmly fixed and must be considered as the rule governing priority as between lien claimants and mortgagees, or parties claiming under trust deeds, in all cases arising prior to the amendment of section 1186 of the Code of Civil Procedure in 1931. This being true, we do not very well see how it would advantage anyone to re-examine the cases involving the construction heretofore given to section 1186 of the Code of Civil Procedure, and especially in view of the fact that section 1186 of the Code of Civil Procedure as amended in 1931, will require re-examination and further construction in all cases arising after the date of the amendment, and anything we might say in relation thereto as the section now stands amended would simply be *obiter* in this case.

The judgments are affirmed.

Thompson (R. L.), J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 5, 1931, and an

application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 4, 1932.