## GETTY v. AMES.

(48 Pac. 355.)

1. MECHANIC'S LIEN—LIENABLE AND NON-LIENABLE ITEMS.—One employed on salary to do such work as may be required, and doing lienable and non-lienable work indiscriminately, is not entitled to a mechanic's lien, since the court cannot undertake from extrinsic evidence to apportion the salary between the lienable and non-lienable items: *Allen v. Elwert, 29* Or. 444, cited and applied.

2. SUFFICIENCY OF NOTICE OF LIEN—CODE, § 3673.—A claim of lien stating that claimants "have, by virtue of a special contract made with A. and T. in the construction of a certain building used as a

dwelling and barn, constructed and being on the following described land;" * * * "that A. was the owner of the land, and T. had an interest therein, and joined in the contract;" "that the contract and reasonable price of such building" was a certain sum, and a statement of the account was affixed, is clearly insufficient under section 3673 of Hill's Code, because it does not state directly or by necessary inference for whom the labor was done and material furnished, or that claimants had in fact performed any labor upon or furnished any material whatever for the building mentioned: *Dillon* v. *Hart*, 25 Or. 49, and *Leick* v. *Beers*, 28 Or. 483, applied.

From Coos:    J. C. Fullerton. Judge.

Suit for the foreclosure of certain mechanics' liens, and from the decree entered plaintiff appeals.

Affirmed.

For Christensen & Johnson there was a brief over the names of *D. Lowry Watson, Andrew M. Crawford,* and *Watson, Beekman & Watson,* with oral arguments by *Mr. Benjamin B. Beekman* and *Mr. Crawford.*

For R. W. Getty there was a brief and an oral argument by *Mr. J. W. Bennett.*

For Ames and Thibault there was a brief and an oral argument by *Mr. John F. Hall.*

For O'Connell and Flanagan there was a brief and an oral argument by *Mr. J. W. Hamilton.*

Opinion by Mr. Justice Bean.

This is a suit by R. W. Getty to foreclose two alleged mechanics' liens claimed by him upon a building and fence belonging to the defendants Ames and Thibault. The defendants Christensen & Johnson, by their answer, deny the validity of said liens, and set up and seek to foreclose a mechanics' lien of their own upon the same property for labor performed and material furnished. The defendants

O'Connell and Flanagan are mortgage lien claimants, and by their answers controvert the validity of the Christensen & Johnson lien, and also those claimed by the plaintiff, and set up their mortgages, and ask to have them foreclosed in this suit. After issue joined, a trial was had, resulting in a decree declaring the liens of plaintiff and defendants Christensen & Johnson void, and foreclosing the mortgages of O'Connell and Flanagan; and from such decree this appeal is taken.

1. Although an oral argument was made for plaintiff, and a brief filed in his behalf, it is not clear that he has perfected an appeal to this court; but, waiving that point, it is obvious that as to him the decree below must be affirmed. From the evidence it appears that about the 1st of May, 1893, he was hired by the defendants Ames and Thibault for the term of one year at a monthly salary of $125, to perform such labor and render such services for them as they might from time to time direct, and to furnish a team and carriage. In pursuance of this contract, he immediately entered upon his work, and continued in their service until about the 15th of October, 1893, during which time, at irregular intervals, when not otherwise employed, he worked on a dwelling house and fence his employers were then building, but no separate account was kept of or charge made for the time actually employed in such labor, and the plaintiff's estimate of the value thereof is the merest guess. He was employed by the month to render such services as his employers might require or demand, which it now seems included lienable and non-lienable work indiscriminately. This, however, does not entitle him to a lien for such labor or services as might otherwise come within the provisions of the lien law, for the court cannot undertake from extrinsic evidence to apportion the amount of his monthly salary between the lienable and non-lienable work performed by

him. This question was considered in *Allen* v. *Elwert*, 29 Or. 444 (44 Pac. 826), and the rule there announced is that "where lienable and non-lienable items are included in one contract for a specific sum, or are made the basis of a lumping charge, so that it cannot be perceived from the contract or account what proportion is chargeable to each, the benefit of the mechanics' lien law is lost. In such cases the court cannot, by extrinsic evidence, apportion the amount of the entire charge or contract price between the lienable and non-lienable items. But where the claimant's demand, made in good faith, consists of several different items, separately charged, some of which are by law a lien upon the property, and others do not come within the scope of the statute, he may enforce his lien so far as given by law, and it is not vitiated because he has included therein non-lienable items." Within this rule, it is clear that plaintiff is not entitled to enforce the liens claimed by him.

2. The only other question to be determined in the case is the sufficiency of the claim of lien filed by the defendants Christensen & Johnson. That portion thereof material to this case is as follows: "Know all men by these presents: That W. O. Christensen and C. A. Johnson, partners as Christensen & Johnson, have by virtue of a special contract heretofore made with Kate F. Ames and Frank Thibault in the construction of a certain building, used as a dwelling and barn, constructed and being upon the following described land, to wit:" Here follows the description of the land. "That Kate F. Ames is the legal owner of said blocks 6 and 7, in Schetter's Addition to Marshfield, Coos County, Oregon, and that Frank Thibault has some interest in said property, and joined with said Kate Ames in the contract for constructing said building. That the contract and reasonable price of such building so constructed was the sum of sixteen hundred

and eighty-three and 66/100 dollars, lawful money of the United States. That the sum of sixteen hundred and eighty-three and 66/100 dollars is now due, said demand and account being hereinafter specifically set forth and stated." Then follows a declaration of the intention to hold the lien upon the building and such convenient space around the same as may be required for its use and occupation, and the statement of account. Within the rule announced by this court in *Rankin* v. *Malarkey*, 23 Or. 593 (32 Pac. 620); *Dillon* v. *Hart*, 25 Or. 49 (34 Pac. 817); and *Leick* v. *Beers*, 28 Or. 483 (43 Pac. 658), this claim or notice of lien is clearly insufficient, because it does not state, either directly or by necessary inference, the name of the person to whom the claimants furnished material, or for whom they performed the labor for which they seek to enforce the lien, or, indeed, that they furnished any material or performed any labor whatever on the building of the defendants. Upon these questions the notice is entirely silent, and is, therefore, insufficient under the mechanics' lien law of this State. It follows that the decree of the court below must be affirmed, and it is so ordered.

AFFIRMED.