[Civil No. 793.   Filed March 20, 1903.]
[71 Pac. 951.]

## LEWIS WOLFLEY, Defendant and Appellant, v. MOSES HUGHES, Plaintiff and Appellee.

1. MECHANICS' LIENS—PLEADING—COMPLAINT—EVIDENCE—VARIANCE.—
In an action to enforce a mechanic's lien for castings made and furnished, the complaint stated that they were furnished upon the

verbal request of defendant, who verbally agreed to pay a certain sum therefor. The notice stated that the materials were furnished at the "specified price of $125.22, at the special instance and request of L. and P. and the said materials were worth the" said sum. The evidence established that the materials were furnished at a certain price upon the request of defendant; that a bill was presented therefor, the items of which were taken from plaintiff's order book. *Held,* that there was no variance between the complaint and notice and the evidence adduced in support thereof, on the theory that the complaint and notice of lien alleged a verbal contract, whereas the testimony showed that the defendants had simply ordered the material without agreeing upon any specified price, and the plaintiff had charged the reasonable value thereof after completion.

2. SAME—LIENABLE AND NON-LIENABLE ITEMS—ENFORCEMENT.—Where, in an action to enforce a mechanic's lien, it appears that some of the articles were furnished more than ninety days before the filing of the lien, the lien will nevertheless be enforced as to articles furnished within the statutory period, where no fraud or bad faith is shown on the part of the plaintiff and he was justified in believing himself entitled to a lien for the item excluded by the court.

3. SAME—SAME—EVIDENCE—SEGREGATION.—In an action to enforce a mechanic's lien for materials furnished, all the items of which were of such a character that the property would be liable therefor if the lien on behalf thereof had been filed within the proper time, evidence is properly received to segregate the lienable from the non-lienable items, some of the articles having been furnished more than ninety days prior to the filing of the notice.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Affirmed.

The facts are stated in the opinion.

J. B. Woodward, for Appellant.

The court erred in not sustaining demurrer of appellant, Wolfley, for the reason that the lien is claimed under "a verbal contract" and at "a specified price of $125.22," whereas the complaint is for material "of the value of $125.22," for which defendants verbally agree to pay "on demand the said sum of $125.22." *Malone* v. *Big Flat Gravel Co.,* 76 Cal. 578, 18 Pac. 773; *Frazer* v. *Barlow,* 63 Cal. 71.

The lien was filed May 9, 1901, and the items charged of January 14, 1901, were barred as being more than ninety days before the filing of the lien, there having been no contract or continuity of orders, and the court so found. The lien blends in one amount the lienable and the non-lienable articles, and furnishes no evidence in itself by which the one can be separated from the other. It is void. *Davis* v. *Alvord,* 94 U. S. 548, 24 L. Ed. 284.

Where lienable and non-lienable items are blended they cannot be separated by oral evidence. *Williams* v. *Toledo Coal Co.,* 25 Or. 426, 42 Am. St. Rep. 799, 36 Pac. 161; *Hughes* v. *Lansing,* 34 Or. 118, 75 Am. St. Rep. 574, 55 Pac. 97.

Thomas Armstrong, Jr., for Appellee.

"The rule seems to be that unless there is something to show a willful attempt to claim a lien for non-lienable articles the lien is not lost," and evidence is rightfully received to segregate lienable from non-lienable articles. *Gordon Hardware Co.* v. *San Francisco and S. R. Co.,* 86 Cal. 620, 25 Pac. 125; *Maynard* v. *Ivey,* 21 Nev. 241, 29 Pac. 1090; *Snell* v. *Payne,* 115 Cal. 218, 46 Pac. 1069; *Harmon* v. *San F. R. R. Co.,* 86 Cal. 617, 25 Pac. 124; *Dennis* v. *Smith,* 38 Minn. 494, 38 N. W. 695.

DOAN, J.—This is an action to enforce a mechanic's lien. The plaintiff in the court below, Moses Hughes, who is the sole proprietor of the foundry known as the Standard Iron Works in Phoenix, Arizona, furnished to the defendants Lockwood & Philes certain castings for the repair of a Huntington mill located on the Sacramento mill-site in Maricopa County. The first casting furnished was ordered on the 14th of January, 1901, at a price of fifteen dollars. This casting proved unsatisfactory, and was broken up and returned to the foundry by the defendants, who were credited with $11.91 as its value for scrap-iron, and upon the order of the defendant Philes the other castings, consisting of a false bottom and three yokes, of the value of $110.22, were then made at the foundry under his supervision, and were delivered to the defendants on February 26, 1901, and used by them in repairing the mill upon the mill-site aforesaid. The castings, except the credit

of $11.91, were not paid for. On May 9, 1901, the plaintiff filed his claim for a mechanic's lien upon the aforesaid mill and mill-site, his verified account embracing all the above items at the price of $125.22, and showing the credit thereon of $11.91, stating the balance due to be $113.31, and on July 31, 1901, brought this action for the foreclosure of the mechanic's lien. On March 18, 1901, one C. F. Chapman brought suit against the defendants Lockwood & Philes, attached the property herein mentioned, and recovered judgment therein against said defendants, and thereafter, on July 5, 1901, the property was sold by the sheriff of Maricopa County under the said judgment, and was purchased at the sheriff's sale by Lewis Wolfley.

On the trial of this case Wolfley filed a separate demurrer and answer to the complaint of Hughes, and contested the case in the lower court. The trial court overruled the demurrer to the complaint, and, after hearing the evidence, found that between the fourteenth day of January, 1901, and the twenty-sixth day of February, 1901, the plaintiff, Hughes, at the request of the defendants Lockwood & Philes, furnished and delivered to them certain castings for use upon and in the repair of the Huntington mill situated on the Sacramento mill-site; that the said castings were actually used in the repair of the said mill; that the defendants Lockwood & Philes agreed with the plaintiff to pay therefor on demand; that the castings furnished on the 14th of January were of the value of fifteen dollars, and those furnished on the 26th of February were of the value of $110.22; that the plaintiff duly filed his claim for lien on account of furnishing the said materials on the ninth day of May, 1901, for the purpose of perfecting his mechanic's lien upon the mill and mill-site; that since the furnishing of said materials the defendant Lewis Wolfley has purchased the property in question, and is now the owner thereof; that the said Wolfley had actual as well as constructive notice of the lien of the plaintiff upon the said mill and mill-site prior to the time he purchased the same; that the plaintiff, on account of furnishing the materials on the aforesaid twenty-sixth day of February, is entitled to a lien upon the said mill and mill-site from and since the twenty-sixth day of February, 1901, for the said sum of $110.22; that the defendant Wolfley is a subsequent pur-

chaser of the said property with a knowledge of plaintiff's lien, and his claims and rights in and to the said property are subordinate in time and in right to those of the plaintiff. Whereupon the court gave judgment for the plaintiff for $110.22, and ordered the foreclosure of the lien upon the property for that amount. From this judgment and the order denying a new trial Wolfley appeals, and assigns as error, among others: (1) That the court erred in not sustaining the demurrer of the defendant Wolfley; (2) that the court erred in denying defendant Wolfley's motion to dismiss after plaintiff rested his case; (3) that the court erred in considering any evidence outside of that supplied by the lien in order to segregate the lienable from the non-lienable items therein contained; (4) that the court erred in permitting the introduction of or considering the lien as filed by the plaintiff.

In support of the first error assigned it is urged that the variance between the allegations of the complaint and the statements contained in the verified account, which was filed in compliance with the statute for the purpose of fixing and securing the lien, was fatal to the sufficiency of the complaint. The instances of variance cited, however, seem to us technical rather than material, and depend largely upon the construction given by the appellant to certain language used by the plaintiff. A careful examination of the complaint, and the copy of the notice of lien attached thereto and made a part thereof, satisfies us that there was no material variance between the allegations of the complaint and the statements contained in the verified account filed as claim and notice of lien, and that the complaint stated a good cause of action. The demurrer was therefore properly overruled.

Upon the close of the plaintiff's case the defendant Wolfley moved to dismiss the case on the ground of variance between the complaint and the evidence adduced in support thereof, and has assigned as error the court's denial of such motion. It is urged in support of this assignment of error, first, that the complaint and the notice of lien alleged a verbal contract, whereas the testimony showed that the defendants had simply ordered the material without agreeing upon any specified price, and the plaintiff had charged the reasonable value thereof after completion; and, second, that the notice and verified account filed for record, on which the complaint was

based, called for $125.22 in the aggregate, and was composed of $15 for the first item and of $110.22 for the last, with the credit of $11.91 given on the first item, and that on the hearing of the case the court excluded the first item of $15, and the credit thereon of $11.91, and gave judgment for the value of the last repairs, costing $110.22, thus deciding that the plaintiff was not entitled to a lien for the first item, and that the blending of the item of $15, for which the lien was refused, with the items costing $110.22, for which the lien was allowed, destroyed the lien *in toto.*

An examination of the complaint and the verified account, and their comparison with the evidence introduced in the case, satisfies us that the former were substantially supported by the latter. The complaint alleges that the said castings were "furnished at the verbal request of said defendants, and consisted of a false bottom, a bottom, and three yokes for said mill, and were of the value of $125.22; that said castings were so furnished to be used, and were actually used, in the repairing of said mill, and said defendants verbally agreed with the plaintiff to pay therefor on demand the said sum of $125.22." The notice states that the "said work and labor consisted of the furnishing for said mill of certain castings, to wit, a false bottom, a bottom, and three yokes, for the benefit of said Lockwood and Philes; . . . that the said Hughes furnished the said material at the specified price of $125.22 at the special instance and request of Lockwood and Philes, and the said materials were worth the sum of $125.22."

The testimony of Hughes in his own behalf, corroborated by that of Philes, one of the defendants, sworn as a witness for the plaintiff, established that in January and February Philes bought from Moses Hughes a false bottom for the Huntington mill, and on February 26th a bottom and three yokes, amounting in all to $125.22; that Philes ordered the repairs, and Hughes furnished them under the superintendence of Philes, who took them out and put them in the mill. The evidence of the plaintiff tended to establish the further fact that the first bottom was ordered on the 14th of January, and furnished at the price of fifteen dollars, and on its proving unsatisfactory it was returned, broken up, with some other iron, for which Hughes credited the defendants with $11.91,

part payment, and received from them the order for the
second repairs, which latter were furnished on the 26th of
February at the price of $110.22. This evidence was supplemented by the defendant, who introduced in evidence the
bill rendered by Hughes to the defendants Lockwood &
Philes, and the items taken from the order-book of Hughes
referring to the ordering and furnishing of these repairs.
The bill rendered and the entries in the order-book corroborated the above testimony of Hughes and Philes.

The contention is here made that the decision of the court
that the plaintiff was not entitled to a lien for the first item,
by reason of its having been furnished more than ninety
days prior to the filing of the verified account and claim for
a lien, vitiates the lien entirely. An examination of the
numerous authorities cited in support of that contention
leads us to believe that the lower court was justified in its
ruling on this point. The first item was an item for which
a lien would lie. The statement of the transaction was substantially correct. The articles were furnished as alleged.
The only sense in which the first item could be designated
as not a lienable item was in that the court considered that
the two orders were separate, and not in the nature of continuous orders on one contract or account. The court held
that notice of lien having been filed more than ninety days
after the delivery of the first item, and less than ninety days
after the delivery of the others, was not sufficient to fasten
a lien upon the property in favor of the said first item, but
was sufficient to fasten a lien for the others. The weight of
authority in this class of cases sustains the decision in the
case of *Gordon H. Co.* v. *San Francisco and S. R. R. Co.*,
86 Cal. 620, 25 Pac. 125, wherein it is stated that, when the
claim of lien is made in part for items not protected by the
lien, the court should permit the plaintiff by proof to segregate such items, and should declare a lien for the balance;
the rule being that unless there is something to show a willful attempt to claim a lien for non-lienable articles the lien
is not lost, and should be sustained for all those items in
favor of which the evidence shows the lien to have been
properly secured. There is in this case no evidence of fraud
or bad faith on the part of the plaintiff. He was justified in
believing himself entitled to a lien for the first item included

in his account, and, although the court decided against him in that particular, there was nothing in such decision or in his verified account or the complaint based upon it that would vitiate the lien in favor of the last item in the account, which embraced very nearly the entire amount in controversy.

The next error assigned is that the court erred in considering any evidence outside of that supplied by the lien in order to segregate the lienable from the non-lienable items therein contained. This objection is based upon the rule invoked in cases where a lumping charge has been made in support of an account composed of different items, some of which are of a character not entitled to be secured by a lien on the property, while others are entitled to the protection of a lien if properly secured, and the account or claim of lien fails to designate the items or amount for which the property is liable. It is held in such cases that when it is impossible from the complaint and account to determine what part of the account charged is secured by the lien, and what part is non-lienable or unsecured, the court will not permit parol evidence to be introduced to cure the defect, and therefore the entire lien is lost. *Williams* v. *Toledo Coal Co.*, 25 Or. 496, 36 Pac. 161, 42 Am. St. Rep. 799; *Hughes* v. *Lansing,* 34 Or. 118, 55 Pac. 97, 75 Am. St. Rep. 574. But in such cases as the one at bar, where all the items furnished were of such a character that the property would be liable therefor if a lien on behalf thereof had been filed within the proper time, but the dates given in the account show that, while the notice was filed in time to secure the lien on behalf of some, the others were excluded from the benefit of the lien by the limitation of time, the weight of authority favors the rule as given in the case of Gordon H. Co., cited above.

The objection that the court erred in considering the lien in evidence, by which it is presumed the appellant meant the verified account filed for the purpose of securing the lien, is based upon the alleged fatal variance between the verified account and the complaint. The ruling hereinabove given upon this feature of the case disposes of that objection.

The record disclosing no reversible error on the part of the lower court, the judgment is affirmed.

Sloan, J., and Davis, J., concur.