STRAUB, Respondent, v. LYMAN LAND & INVESTMENT COMPANY, Appellant.

(142 N. W. 734.)

**Courts—Supreme Court—Original Jurisdiction—Opening Default.**

Where vacation of a default judgment was not sought on an appeal therefrom, and the appeal does not involve an application to the trial court to vacate the judgment, under Sec. 151, Code Civ. Proc., the Supreme Court had no jurisdiction to grant an application to vacate the default and permit defendant to answer, after the judgment had been affirmed, or at all.

(Opinion filed July 17, 1913.)

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Application for an order to show cause why a default judgment should not be vacated and leave granted to defendant to answer, after such judgment has been affirmed on appeal (30 S. D. 310, 138 N. W. 957; 31 S. D. 571, 141 N. W. 979). Application denied.

*Davis & Lyons*, for Appellant.

The power of the court to open or set aside a judgment is a common law power, inherent in all courts of general jurisdiction, and may be exercised without grant of special statutory authority. 23 Cyc. 889-91; 1 Black on Judgments, Sec. 297-8.

This court, having the record of this case before it to be dealt with, has power to entertain and determine this motion. Vanderbilt v. Schreyer, 81 N. Y. 646; Cruger v. Vancracken, (Texas) 30 S. W. 537; Turner v. Davis, (N. C.) 43 S. E. 637.

Although the statute enumerates certain grounds upon which judgments and orders of the court may be vacated and set aside, yet such authority is not exclusive, and will not prevent the court from acting on other grounds or causes which would be good

and sufficient at common law.   23 Cyc. 889-90; Ladd v. Stevenson, 112 N. Y. 325.

The only question involved in the present case is the validity of the service made upon the defendant.   Until the rendition of the decision of this court upon the pending appeal it was impossible for the defendant to make to either this or the lower court an application for opening the default and leave to answer.

The defendant certainly had the legal right to ask the judgment of this court upon the validity of such service.   If in the meantime it had asked to have the default judgment set aside such a course would have been inconsistent with the pending litigation and would have admitted the legality of the service and necessitated a dismissal of the appeal.   During the entire time the present action has been in court the defendant, therefore, has been unable to avail itself of its legal right to ask for opening the default.

*James Brown,* for Respondent.

Where a defendant makes a motion to set aside a judgment by default, which is denied, the decision of the court on the motion is a bar to an action to cancel or set aside the judgment. Bernhard v. Idaho Banking & Trust Co., 123 Pac. 481.

Two remedies were open to the defendant in this matter. Defendant could move in the original action to have the judgment set aside on the ground that the summons had not been served on him and the court had acquired no jurisdiction of his person.   Id.

It is true the defendant could not make such an application and at the same time proceed with its appeal from the order of the trial court refusing to set aside the judgment on the ground that no valid service had been made.   Blank v. Independent Ice Co., 133 N. W. 344 (Ia.); Kanton v. Kelley, 121 Pac. 833 (Wash.); Humpfner v. D. M. Osborne Co., 2 S. D. 310 (at p. 324.)

This court has no jurisdiction to entertain defendant's motion. 23 Cyc. 891.

The application must be made to the same court where the judgment by default was taken.   6 Ency. Pl. & Pr. 149; Garlock v. Calkins, 14 S. D. 90.

An application to an appellate court to open a default is never proper except by express statute. 6 Ency. Pl. & Pr. 150.

We are not aware of any such express statute in this state.

SMITH, J. The original opinion in this case will be found in 30 S. D. 310, 138 N. W. 957, and on rehearing in 31 S. D. 571, 141 N. W. 979, where the facts are fully stated. This court having held the service of the summons valid and affirmed the judgment on default, appellant on May 31, 1913, made application to this court for an order to show cause why the default in circuit court should not be vacated and leave granted defendant to answer and defend in the action, which order was returnable on June 17, 1913. We have considered this application with some care, in view of the somewhat unusual conditions involved, but have been compelled to the conclusion that this court is without jurisdiction to grant the relief sought. A vacation of the default judgment is not sought on the appeal which gave this court jurisdiction of the action but would necessarily involve an exercise of original jurisdiction. This court has never acquired jurisdiction of the action except as to the exercise of its appellate powers. We find no statute permitting this court to vacate a default judgment except upon appeal, in a proper case, from an order of the trial court under the provisions of section 151, Code Civ. Proc.

In Gelston v. Hoyt, 13 Johns, (N. Y.) 561, the court says: "The very theory and constitution of a court of appellate jurisdiction only is the correction of errors which a court below may have committed; and a court below cannot be said to have committed an error when their judgment was never called into exercise. * * * The remedy of a party in such case is to apply to the court to have the default opened or to have the order or judgment set aside, and he can thus obtain all the relief he ought to have."

The distinction is suggested in 1 Black on Judgments, § 297: "The power to vacate judgments is an entirely different matter from the power to reverse judgments. It is a power inherent in and to be exercised by the court which rendered the judgment, and to that court and no other the application to set aside the judgment should be made. It is a common-law power, possessed by the court as a part of its necessary machinery for

the administration of justice, and hence might be exercised without the grant of special statutory authority."

The principle was recognized and applied by this court in Garlock v. Calkins, 14 S. D. 90, 84 N. W. 393, affirmed on rehearing 15 S. D. 459, 90 N. W. 136. In Wolfley v. Hughes, 8 Ariz. 203, 71 Pac. 951, it was held that, when a party is given the right to apply to the court of original jurisdiction for relief, he cannot invoke the powers of an appellate tribunal for that purpose.

We are constrained to deny the relief sought for want of jurisdiction in this court, and to discharge the order to show cause.

GATES, J., took no part in this decision.