TAPPAN, Respondent, v. OVERLEES, Appellant

(28 N. W.2d 879.)

(File No. 8917. Opinion filed September 23, 1947.)
Rehearing Denied October 24, 1947.

**Henry C. Mundt,** of Sioux Falls, for Defendant and Appellant.

**Louis H. Smith,** of Sioux Falls, for Plaintiff and Respondent.

SMITH, J. On August 8, 1946, acting under the Emergency Price Control Act of 1942, as amended, 50 U. S. C. A.

§ 901 et seq., and the Rent Regulations issued thereunder, the director of the Sioux Falls Defense Rental Area issued to plaintiff-landlord a certificate authorizing him to proceed to remove the defendant-tenant from a described space in the Blackstone Apartments. The certificate was issued upon a showing that the plaintiff's mother-in-law was living with plaintiff and his wife and that he was in "good faith" seeking possession thereof for her occupancy. (Cf. Rent Regulation.) This action ensued and resulted in a judgment of removal. The defendant-tenant has appealed.

■■ The principal contention of defendant deals with the sufficiency of the evidence to support the finding of the trial court that as required by the Rent Regulations plaintiff acted in good faith in seeking to gain possession of the apartment for his own use or occupancy. The record has been examined in the light of the settled rule that where the credibility of witnesses enters into a finding of the trial court, it will not be disturbed unless the evidence clearly preponderates against them. Johnson v. Olson, 71 S. D. 486, 26 N. W.2d 132. Although the circumstances evidenced by defendant place plaintiff's motive in question, we have concluded that it cannot be said that the trial court acted unreasonably in believing the testimony of plaintiff and his wife.

■ Predicated upon an affidavit showing that the mother-in-law of plaintiff has passed away since the entry of the judgment below, defendant made a motion in this court praying that the judgment be vacated and set aside. Counsel has not seen fit to brief the questions of law involved. Obviously, our appellate powers are not invoked by such an application. Straub v. Lyman Land & Investment Co., 32 S. D. 213, 142 N. W. 734. In view of the record we do not feel called upon to determine whether we are possessed of an original jurisdiction to hear and decide such a motion.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

All the Judges concur.