299 P.3d 743

**SUMMERS GROUP, INC., dba Rexel Phoenix Electric, a corporation, Plaintiff/Appellant,**

v.

**TEMPE MECHANICAL, LLC; Parra Drywall, Inc.; and Paramount Iron, Inc., Defendants/Appellees.**

No. 1 CA–CV 12–0086.

Court of Appeals of Arizona, Division 1, Department A.

March 19, 2013.

Collins May Potenza Baran & Gillespie, PC By Margaret A. Gillespie and Justin V. Niedzialek, Phoenix, Attorneys for Plaintiff/Appellant.

Royer Law Office, PC By Kenneth G. Royer, Phoenix, Attorneys for Defendant/Appellee Tempe Mechanical, LLC.

Dominguez Law Firm By Antonio Dominguez, Phoenix, Attorneys for Defendant/Appellee Parra Drywall, Inc.

Marko & Sarko, PLLC By Edward J. Marko, Phoenix, Attorneys for Defendant/Appellee Paramount Iron, Inc.

## OPINION

OROZCO, Judge.

¶ 1 Summers Group, Inc., doing business as Rexel Phoenix Electric (Rexel), appeals the trial court's order holding Rexel as the only liable party for ML Manager's attorney fees.[1] For the following reasons, we reverse

and remand to the trial court to apportion the attorney fees consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Rexel sold electrical materials to J.C. York Electrical Contracting, Inc. to be used in the construction of lofts on property owned by The Metropolitan Lofts, L.L.C. (Metro Lofts). Rexel was not compensated for the materials it provided and on June 26, 2008, recorded a mechanics' lien on the property owned by Metro Lofts. Subsequently, other companies filed mechanics' liens against the property for non-payment: Tempe Mechanical, LLC (Tempe); Parra Drywall, Inc. (Parra); Paramount Iron, Inc. (Paramount); Wilson Electric Services Corporation (Wilson); Azteca Glass, Inc. (Azteca); Cannon Door and Trim (Cannon); and Lickety Split Construction, Inc. (Lickety).

¶ 3 On December 24, 2008, Rexel filed a complaint against numerous defendants, alleging multiple causes of action: breach of contract, breach of personal guaranty, breach of prompt payment act, unjust enrichment, and foreclosure of its mechanics' lien for materials that it had provided and not been paid.[2] Rexel named all other mechanics' lienholders as defendants in the complaint pursuant to Arizona Revised Statutes (A.R.S.) section 33–996 (2007). An order of default was entered against Lickety, Cannon and Wilson for their failure to file an answer to the complaint and Azteca was dismissed as a party.

¶ 4 On July 2, 2008, Tempe recorded a mechanics' lien on the property and filed an answer to Rexel's complaint on February 11, 2009.[3] Parra recorded a mechanics' lien on July 30, 2008 and filed an answer to Rexel's complaint on January 26, 2009. Paramount recorded a mechanics' lien on August 26,

---

1.  The trial court granted attorney fees to a number of parties that it referred to collectively as "ML." Through bankruptcy proceedings, ML Manager became the successor in interest to ML.

2.  This appeal involves only the cause of action relating to the foreclosure of Rexel's mechanics' lien.

3.  Tempe filed its answer outside the six-month limitations period that began when it first recorded its mechanics' lien. *See* A.R.S. § 33–998.A (2007). Tempe argued it should have been defaulted, however, the trial court never decided this issue. On remand, the trial court should determine whether Tempe should remain in this action.

2008 and filed an answer to Rexel's complaint on February 17, 2009. We refer to Rexel, Tempe, Parra and Paramount collectively as the Remaining Lien Claimants.

¶ 5 Mortgages, Ltd., a defendant in this case, filed bankruptcy and the case was removed to bankruptcy court. The parties agreed that the bankruptcy court would only determine the priority of all of the liens. The bankruptcy court determined that ML Manager[4] had priority over all the other mechanics' liens. The case was then remanded to superior court for determination of the validity of the mechanics' liens, interest owed and attorney fees.

¶ 6 ML Manager filed an application for attorney fees pursuant to A.R.S. §§ 33–998.B (2007) and 12–341.01 (Supp.2012).[5] After oral argument, the court granted ML Manager its attorney fees under § 33–998.B, but only against Rexel. The court stated that "the record does not indicate that any party other than [Rexel] caused ML [Manager] to challenge its lien priority. Apportioning fees to other [Remaining Lien Claimants] would not be appropriate."

¶ 7 Rexel timely appealed.[6] We have jurisdiction under A.R.S. §§ 12–120.21.A.1 (2003) and –2101.A.1 (Supp.2012).

### DISCUSSION

¶ 8 The sole issue on appeal is whether under A.R.S. § 33–998.B, all Remaining Lien Claimants should be responsible for paying ML Manager's attorney fees award in proportion to their respective lien claims.

■■■ ¶ 9 The grant or denial of a request for attorney fees is within the discretion of the trial court and will not be overturned if it is reasonably supported by the record. *West v. Salt River Agric. Improvement & Power*

*Dist.*, 179 Ariz. 619, 626, 880 P.2d 1165, 1172 (App.1994). When the application of an attorney fees statute involves statutory interpretation, we review the trial court's ruling de novo. *Keystone Floor & More, LLC v. Ariz. Registrar of Contractors*, 223 Ariz. 27, 29, ¶ 7, 219 P.3d 237, 239 (App.2009) (stating that the standard of review is de novo when reviewing statutory attorney fees awards arising out of a contract dispute).

### Lien Priority Challenge

■■■ ¶ 10 Mechanics' lien statutes and Arizona case law establish procedures to be followed when a mechanics' lien claimant initiates a foreclosure action on a lien. First, a mechanic lienor must sue each party against whom it seeks to assert its lien within six months after recording its lien. *Scottsdale Mem'l Health Sys., Inc. v. Clark*, 157 Ariz. 461, 469–70, 759 P.2d 607, 615–16 (1988). After an action is commenced by one mechanic lienor, "[p]ersons claiming liens who fail or refuse to become parties plaintiff shall be made parties defendant, and those not made a party, may, at any time before final hearing, intervene." A.R.S. § 33–996. After all the lien claimants are served, in order to assert their lien priority, each must file an answer or cross-claim. A.R.S. § 33–998.A. Finally, pursuant to A.R.S. § 33–998.A, if a lien claimant is made a party defendant to an action brought by another lien claimant, the timely filing of an answer or cross-claim asserting the lien, within six months of recording the lien, shall be deemed the commencement of an action.

¶ 11 In order to enforce its lien priority, Rexel named all of the other mechanics' lien claimants as parties in the complaint. *See Lilley v. J.D. Halstead Lumber Co.*, 42 Ariz. 546, 557, 28 P.2d 616, 620 (1934) (stating that the Legislature intended "that all claims for

---

**4.** ML Manager is the investor group that was formed in Mortgages Ltd. bankruptcy. They are not parties to this appeal, because Rexel is not appealing the order to pay attorney fees to ML Manager; it is only appealing the trial court's order that the Remaining Lien Claimants are not responsible for any portion of the attorney fees.

**5.** Absent material revisions, we cite to the current version of applicable statutes.

**6.** None of the Appellees filed an answering brief in this appeal. Although the failure to file an answering brief "constitutes a confession of reversible error," we are not required to reverse merely because no response was filed. *Bugh v. Bugh*, 125 Ariz. 190, 191, 608 P.2d 329, 330 (App.1980). Because the issue is purely a legal one, the facts are not in dispute, and there are no reported Arizona cases on point, we consider the issue on the merits. *Id.*

liens against a certain piece of property should be litigated in one action, and that all lien claimants should be parties thereto and their rights determined therein"); *see also Scottsdale Mem'l,* 157 Ariz. at 469–70, 759 P.2d at 615–16 (recognizing that a mechanic lienor must sue each party against whom he seeks to assert his lien; however, enforcement is barred as to any party not sued within six months).

¶ 12 In this case, by filing answers to the allegations set forth in Rexel's complaint, the Remaining Lien Claimants each commenced an action asserting their lien priority. Because the Remaining Lien Claimants were involved in the litigation, the bankruptcy court's decision on the lien priority issue also affected their claims. Therefore, we hold that the Remaining Lien Claimants caused ML Manager to defend its lien priority. *See id.*

### Attorney Fees Award Under A.R.S. § 33–998.B

¶ 13 Rexel contends that A.R.S. § 33–998.B should be read to apportion the attorney fees amongst all mechanics' lien claimants.

¶ 14 Under A.R.S. § 33–998.B, a court may award the successful party reasonable attorney fees in any action to enforce a lien; however, the statute is silent about who is responsible for paying the fees when there are multiple lien claimants. When a statute is silent regarding an issue, we look beyond the statutory language and consider the statute's effects and consequences, in addition to its spirit and purpose. *Calmat of Ariz. v. State ex rel. Miller,* 176 Ariz. 190, 193, 859 P.2d 1323, 1326 (1993). "Statutes must be given a sensible construction that accomplishes the legislative intent and which avoids absurd results." *Ariz. Health Care Cost Containment Sys. v. Bentley,* 187 Ariz. 229, 233, 928 P.2d 653, 657 (App.1996). "[W]e determine legislative intent by reading the statute as a whole, giving meaningful operation to all of its provisions, and by considering factors such as the statute's context, subject matter, [and] historical background...." *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).

¶ 15 The Legislature adopted the mechanics' lien statutes "to protect laborers and materialmen enhancing the value of another's property," and "[g]enerally, such statutes are to be liberally construed." *Price v. Sunmaster,* 27 Ariz.App. 771, 774, 558 P.2d 966, 969 (1976). The intent of the mechanics' lien statutes is for all lienholders to be treated on equal ground with one another regardless of the date the work was performed. *See* A.R.S. § 33–1000 (2007). Accordingly, § 33–1000.B. requires that when a sale is ordered in a mechanics' lien foreclosure action and the property is sold, the proceeds are "prorated over the respective liens that have equal footing with the foreclosing lien." Moreover, in multi-issue litigation, it is common for attorney fees to be apportioned between successful and unsuccessful efforts. *Henry v. Cook,* 189 Ariz. 42, 44, 938 P.2d 91, 93 (App.1996).

¶ 16 The trial court erred in holding Rexel solely responsible for the payment of ML Manager's attorney fees. Similar to prorating sales proceeds, attorney fees for resolving priority should be prorated between lien claimants. The intent of the Legislature in adopting the mechanics' lien statutes was to create an even playing field for all laborers and materialmen who provide services and materials to enhance the value of another's property, regardless of the date the work was performed. All lien claimant parties are treated on equal footing in the sharing of the income collected after a mechanics' lien foreclosure sale and should also share in the potential expenditures.

¶ 17 Therefore, as unsuccessful parties in a lien priority contest, all the Remaining Lien Claimants should be liable for ML Manager's attorney fees award in proportion to their claims against the encumbered property.

### CONCLUSION

¶ 18 For the foregoing reasons, we reverse the trial court's order that only Rexel pay ML Manager's attorney fees and remand for further proceedings consistent with this opinion.

CONCURRING: PETER B. SWANN, Judge and PAUL F. ECKSTEIN, Judge Pro Tempore.*