NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# Arizona Court of Appeals
## Division One

In re the Matter of:

MAYRA PEREZ, *Petitioner/Appellee,*

*v.*

RAUL DIAZ CORRAL, *Respondent/Appellant.*

No. 1 CA-CV 24-0008 FC

FILED 09-03-2024

Appeal from the Superior Court in Maricopa County
No. FC2023-001116
The Honorable Terri L. Clarke, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Mayra Perez, Protected Address
*Petitioner/Appellee*

Raul Diaz Corral, Avondale
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Angela K. Paton joined.

**B A I L E Y**, Judge:

¶1          Raul Diaz Corral appeals the superior court's order affirming the amended order of protection entered in favor of Mayra Perez.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Perez petitioned for an order of protection against Corral in February 2023.  Perez's petition stated that she and Corral have a child in common and described a February 2023 incident in which she called the police after Corral grabbed her hair and arm.  The superior court granted the ex parte petition.

¶3          In November 2023, Corral requested a hearing to contest the order.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-3602(L).  The superior court held the hearing about two weeks later.  After hearing testimony from both parties, the superior court found, by a preponderance of the evidence, that there was reasonable cause to believe Corral committed an act of domestic violence within the last year or may commit an act of domestic violence in the future.  *See* A.R.S. § 13-3602(E).  The superior court also found that Brady[1] applied and affirmed the order of protection, as amended.

¶4          We have jurisdiction over Corral's timely appeal under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(5)(b), as well as Rule 42 of the Arizona Rules of Protective Order Procedure.

## DISCUSSION

¶5          Corral argues he "was accused of domestic violence but the charges . . . were dismissed."  We review the superior court's order affirming an order of protection for an abuse of discretion.  *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 16 (App. 2012).

¶6          "A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to

---

[1] "Brady" refers to the federal Brady Handgun Violence Prevention Act, H.R. 1025, 103rd Cong. (1993).  The Violent Crime Control and Law Enforcement Act of 1994 added paragraph (8) to 18 U.S.C. § 922(g), which under certain circumstances, prohibits possession of firearms or ammunition after the entry of an order of protection.  *See* H.R. 3355, 103rd Cong. § 110401 (1994).

consider the issues raised on appeal." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) (citations omitted). When an appellant fails to file the necessary transcripts, we assume the record supports the superior court's judgment. *See id.* Corral did not provide a transcript from the contested hearing, so we assume the record supports affirming the order of protection.

¶7 Moreover, opening briefs must contain an argument with "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies." ARCAP 13(a)(7). An appellant waives arguments that are "not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (citation omitted). We hold unrepresented litigants to the same standards as attorneys. *Id.* Corral's opening brief contains no citations to the record or legal authority. Thus, Corral has waived his arguments.[2]

## CONCLUSION

¶8 We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV

---

[2] Perez did not file an answering brief. An appellee's failure to file an answering brief may constitute "confession of reversible error." *See Summers Grp., Inc. v. Tempe Mech., LLC*, 231 Ariz. 571, 573, ¶ 7 n.6 (App. 2013) (citation omitted). But "we are not required to reverse merely because no response was filed" and we decline to do so here because Corral raised no debatable issues. *See id.* (citation omitted).